IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONTAE J-R THORNTON, #2006524 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-CV-639-SDJ |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Petitioner Rontae J-R Thornton filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. #43). The record shows that, on January 18, 2022, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied and the case was dismissed with prejudice. (Dkt. ##41, 42). In September 2024, Petitioner filed the instant Rule 60(b) motion. (Dkt. #43).

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments, orders, or proceedings. Fed. R. Civ. P. 60(b). The rule permits relief for six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

1

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner states that he is raising six new claims that were not presented in his original § 2254 petition pursuant to Rule 60(b)(2), (4), and (6). (Dkt. #43, pp. 2-3). The new claims include five ineffective assistance of counsel claims and an actual innocence claim. (Dkt. #43, p. 3).

A district court has jurisdiction to consider a Rule 60 motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A motion that seeks to add a new ground for relief or attack the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of 28 U.S.C. § 2244(b). *Id.* at 531-32; *see also Will v. Lumpkin*, 978 F.3d 933 (5th Cir. 2020) (a Rule 60(b) motion constitutes a successive habeas petition when it attacks a judgment on the merits of a previously filed petition). Because Petitioner's Rule 60(b) motion raises new claims for relief, it must be dismissed as successive under 28 U.S.C. § 2244. Furthermore, Petitioner fails to allege or show that the Fifth Circuit has granted him permission to file a successive habeas petition as dictated by 28 U.S.C. § 2244(b)(3)(A). Therefore, the Court lacks jurisdiction to consider Petitioner's Rule 60(b) motion. *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (the court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the Fifth Circuit); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (§

2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the appellate court has granted petitioner permission to file one).

It is accordingly **ORDERED** that Petitioner's Rule 60(b) motion (Dkt. #43), construed as a successive § 2254 petition, is **DISMISSED** without prejudice for lack of jurisdiction.

**So ORDERED and SIGNED this 3rd day of September, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE